**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

JAMES IDZINSKI and
ELAINE IDZINSKI,

    Plaintiffs,

vs.                                                              Case No. 8:14-cv-02283T35TBM

GREEN TREE SERVICING, LLC
and MCCALLA RAYMER, LLC,

    Defendants.
_____/

## GREEN TREE SERVICING LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFFS' COMPLAINT

Defendant, GREEN TREE SERVICING LLC ("Green Tree"), by and through its undersigned counsel files its Answer and Affirmative Defenses to James Idzinski and Elaine Idzinski's ("Idzinskis" or "Plaintiffs") Complaint as follows:

### PRELIMINARY STATEMENT

1.    Admitted that Plaintiffs bring this action under the Fair Debt Collection Practices Act and Florida Consumer Collection Practices Act but denied that Plaintiffs are entitled to any relief requested.

### JURISDICTION AND VENUE

2.    Admitted for jurisdictional purposes only.

3.    Admitted for venue purposes only.

### PARTIES

4.    Admitted that the Idzinskis are natural persons. Without knowledge of the remaining allegations of Paragraph 4 and therefore denied.

5. Denied that Green Tree is a Delaware corporation. Admitted that Green Tree does business in the State of Florida and is a "person" under Fla. Stat. 559.72.

6. Admitted that McCalla Raymer is a Georgia limited liability company that does business in the State of Florida. Without knowledge as to the remainder of the allegations in Paragraph 6 therefore denied.

7. Admitted that Defendants used an instrumentality of interstate commerce to communicate with Plaintiffs at some point.

8. Denied.

## FACTUAL ALLEGATIONS

A. **Background Information**

9. Admitted that on or about December 1, 2006, Plaintiffs obtained a mortgage through Federal National Mortgage Association on real property in Pinellas County, Florida with an address of 4951 48th Ave., N., St. Petersburg, FL 33709. Without knowledge as to whether the subject property was used as Plaintiffs' personal residence therefore denied. Admitted that the Federal National Mortgage Association mortgage was subsequently assigned to Green Tree. Without knowledge as to the remaining allegations of paragraph 9 therefore denied.

10. Without knowledge therefore denied.

11. Without knowledge as to whether Ted Starr, Esq. gave any consent for direct contact with his clients by any creditors or debt collectors therefore denied. The remaining allegations of paragraph 11 are admitted.

12. Admitted that Plaintiffs listed the debt owed to Green Tree in the Bankruptcy Petition as a mortgage loan secured by the subject property in the amount of $108,780.00 (the "debt"). Admitted that notice of the filing of the Bankruptcy Petition was served upon Green Tree.

13. Admitted.

14. Admitted.

15. Admitted that on September 17, 2003, the Bankruptcy Court issued an Order of Discharge, which speaks for itself.

16. Admitted.

17. Denied.

18. Admitted that on May 9, 2014, Green Tree filed a foreclosure action against Plaintiffs in Pinellas County, Case No. 14-CA-3642. Admitted that the Verified Complaint to Foreclose Mortgage ("Original Complaint"), which is no longer operative, having been replaced by the Amended Verified Complaint to Foreclose Mortgage ("Amended Complaint"), did not list ECTR 1 LLC as a party. Admitted that the Amended Complaint does list ECTR 1 LLC, as trustee under the 4951 48th Ave. Land Trust Dated 11/12/2013, as a party. The remaining allegations of paragraph 18 are denied.

19. Without knowledge therefore denied.

20. Without knowledge therefore denied.

21. Denied that the foreclosure action seeks *in personam* relief and states that the Plaintiffs are "the current owner(s) of the real property which is the subject of the Mortgage." Admitted that the Original Complaint stated that Green Tree "hereby declares the full amount payable under the Note and Mortgage to be due and payable" and that Plaintiffs "may be held personally liable for a deficiency, if any unless Borrower(s) has/have discharged the subject debt in bankruptcy, in which event no deficiency is or will be sought." Admitted that the Original Complaint also stated that the amount due and owing is at least $108,780.74.

22. Admitted that the Original Complaint prayed for "judgment foreclosure the Mortgage; and (a) enumerating all amounts this Court determines due to Plaintiff pursuant to said Note and Mortgage and award attorney's fees, costs, outstanding principal, interest, advances, (d) retaining jurisdiction of this Court in this action to make any and al further orders and judgments as may be necessary and proper, including issuance of writ of possession and the entry of a deficiency judgment if the proceeds of the sale are insufficient to pay Plaintiff's claim (no deficiency judgment shall be sought against those parties who have discharged the debt in bankruptcy pursuant to the provisions of the Bankruptcy Code 11 U.S.C. Section 101, et seq. or where a bankruptcy court only granted Plaintiff or its predecessors-in-interest in rem relief from the bankruptcy automatic stay; and, (e) for such other and further relief as this Court may deem just and proper." Admitted that the Original Complaint included a disclosure that "Pursuant to the Fair Debt Collection Practices Act, you are advised that this office may be deemed a debt collector and any information obtained may be used for that purpose."

23. Without knowledge therefore denied.

24. Denied.

### COUNT I – FCCPA – GREEN TREE

25. Admitted that this is an action against Green Tree for violation of Fla. Stat. § 559.55 *et seq.*

26. Green Tree re-alleges its responses to paragraphs 1 through 24.

27. Denied.

28. Fla. Stat. § 559.72 speaks for itself.

29. Denied.

30. Denied.

31. Denied.

4

32. Denied.

33. Denied.

Green Tree denies that Plaintiffs are entitled to the relief demanded in the Wherefore Clause immediately following paragraph 33 of the Complaint.

## COUNT II – FDCPA – MCCALLA RAYMER, LLC

These allegations are not against Green Tree and therefore Green Tree is not required to respond to them.

Green Tree denies that Plaintiffs are entitled to a jury trial because the Mortgage contains a conspicuous jury trial waiver in Section 25. Plaintiffs knowingly and voluntarily entered into the Mortgage, and the jury trial waiver is fair and not contrary to public policy.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

To the extent that there was a violation of the FCCPA, which Green Tree denies, such violation was not intentional and was not meant to harass, oppress, or abuse any person; instead the violation resulted from a *bona fide* error, notwithstanding the maintenance of procedures reasonably adapted to avoid any such error, and as such, Green Tree is relieved of liability in accord with the mandates of Fla. Stat. § 559.77(3). Green Tree has a policy not to contact a debtor for the purpose of collecting a debt after a bankruptcy action has been filed. Green Tree placed a cease and desist on the account after receiving notification of the bankruptcy filing. Green Tree disputes that any calls were made to Plaintiffs after receipt of the bankruptcy notification, however, to the extent any calls were made, they were the result of a bona fide error.

### SECOND AFFIRMATIVE DEFENSE

To the extent that there was a violation of the FCCPA and Plaintiffs are entitled to any damages, which Green Tree denies, such damages are limited to the statutory damages provided

for in Fla. Stat. § 559.77(2), and Green Tree further denies that Plaintiffs suffered any actual damages. To the extent that Plaintiffs have suffered any actual damages, they have failed to mitigate their damages, in whole or in part.

### THIRD AFFIRMATIVE DEFENSE

To the extent that any of alleged harassing conduct about which Plaintiffs complain, the occurrence of which Green Tree specifically denies, was taken outside the scope of employment of the alleged actor, Green Tree is not liable therefore.

### FOURTH AFFIRMATIVE DEFENSE

Green Tree gives notice that it may rely upon other defenses that may become available or appear during, or as a result of, discovery proceedings in this action, and Green Tree reserves its right to amend the Answer and Affirmative Defenses accordingly.

WHEREFORE, Green Tree Servicing LLC requests that Plaintiffs' Complaint be dismissed, and that it be awarded such other and further relief as the Court deems just and proper.

Dated: October 22, 2014

Respectfully submitted,

/s/ Janelle A. Weber
JANELLE A. WEBER
Florida Bar No. 017630
SHUTTS & BOWEN LLP
4301 W. Boy Scout Blvd., Suite 300
Tampa, FL  33607
Telephone: (813) 229-8900
Facsimile: (813) 229-8901
jweber@shutts.com
*Attorneys for Green Tree Servicing LLC*

## **CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been filed via CM/ECF, which will provide electronic notification to counsel for Plaintiffs, Brian Shrader, Esq., bshrader@centroneshrader.com, and Gus Centrone, Esq., gcentrone@centroneshrader.com, on this 22nd day of October, 2014.

           /s/ Janelle A. Weber_____
           Attorney

MIADOCS 9908397 1 13309.0235